BOYD MOSBY & CO. *et al. v.* SALLIE M. HUNT *et al.*

APPEAL. *Overruling demurrer.* Where there are several defendants with different rights, yet all interested in the same questions, it is error in the chancellor to grant an appeal to one defendant on overruling his demurrer, and the appeal will be dismissed.

FROM TIPTON.

Appeal from the Chancery Court at Covington. B. J. LEA, Sp. Ch.

HOLMES CUMMINS for complainants.

BATE & SMITHEAL for defendants.

McFARLAND, J., delivered the opinion of the court.

The complainants are the creditors of Sallie M. Hunt, and filed this bill against her and her children, who are the heirs at law of her deceased husband, A. D. Hunt, and also against Wm. Hamilton, another creditor of the said Sallie M. The object of the bill is to reach ten tracts of land purchased by A. D. Hunt in his lifetime and deeds therefor taken to himself, and to subject the same to the satisfaction of the debts of the complainants. It is charged in substance that said lands were purchased and partly paid for with funds constituting the separate estate of the said Sallie M., by virtue of an antenuptial contract entered into by the said Sallie M. and A. D. Hunt, a copy of which is exhibited with the bill, and further, that the rights of the said Sallie M. are recognized by the will of said A. D. Hunt, a copy of which is also exhibited.

It is alleged that the defendant, Wm. Hamilton, had obtained a judgment against said Sallie M., had caused all or part of said land to be sold under his execution, and had purchased the same. The prayer of the bill is to have Sallie M. Hunt declared the equitable owner of said land in fee, and to subject the same to complainants' debts, and to enjoin the defendant, Hamilton, from setting up claim under his purchase, upon the ground that said Sallie M. had no

such title to the land as could be reached by execution at law.

There was a judgment *pro confesso* against Sallie M. Hunt and one of her adult children; a demurrer was filed by a guardian *ad litem* for the infant children, and a separate demurrer was filed by Hamilton. Both demurrers were overruled, and the record shows that thereupon, on motion and by consent, John F. Jett is substituted as a defendant in the place of said Wm. Hamilton, and leave given to said Jett and the infants defendant to answer, but subsequently, at the same term, Jett prayed and obtained an appeal.

Hamilton's demurrer takes the ground that Sallie M. Hunt had, according to the allegations of the bill, the fee simple legal title to the land, and therefore it was subject to his execution; and besides, it is maintained in argument that if she was only entitled by way of resulting trust, such interest might be sold under execution. It is clear that we can make no adjudication in regard to the proper construction of the antenuptial contract or the will of A. D. Hunt, in respect to the relative rights of Sallie M. Hunt and her children claiming either under the contract or the will, or as heirs at law of their father, for the reason that they are not before us. The question as to what title, if any, Hamilton acquired under his purchase, involves in part a construction of said writings, and is a question in which the other defendants were interested. Admitting that the appeal comes within sec. 3157 of the Code, we think the chancellor erroneously exercised his discretion in allowing to one

defendant an appeal on overruling his demurrer, and leaving the cause pending as to the other defendants.

It is not recited in the order granting the appeal, that the chancellor was of opinion that it was a proper case for granting it under the discretion given by sec. 3157 of the Code. This, it is true, is not necessary, as was held in *Harrison* v. *Farnsworth*, 1 Heis., 751, especially where we see that it was a proper case to grant the appeal. But where we can see clearly that it was not a proper case for granting the appeal, we may overrule the discretion of the chancellor and remand the cause to be proceeded with. Causes should not be determined by " piecemeal." The appeal should have been refused until final decree, or a decree settling principles.

It will, therefore, be dismissed, and the cause remanded to be proceeded with, the appellant paying the costs of this court.